that defendants, or any of them, may see fit to take with a view of maintaining their alleged membership in the plaintiff. Ordered accordingly.

(13 Misc. Rep. 401.)

## CONNAUGHTON v. BROOKLYN & B. B. R. CO.

### (City Court of Brooklyn, General Term. June 24, 1895.)

CARRIERS—INJURY TO PERSON BOARDING MOVING TRAIN.

> In an action for injuries to plaintiff, a boy 15 years old, received while attempting to board defendant's train, moving at the rate of three miles an hour, it appeared that one of defendant's engineers, while standing by his engine at a station, asked plaintiff to get him some paint. When plaintiff returned with the paint, the engine was gone, and he went to a flaghouse near by, where he waited about an hour, explaining to a switchman his errand for the paint. The engineer of a passing train waved his hand at the switchman, who suggested to plaintiff that it was the engineer who sent him for the paint, and that he "imagined" that this engineer was looking for plaintiff, whereupon plaintiff attempted to board the train, and was injured. *Held,* that the evidence was not sufficient to show that the engineer invited plaintiff to get on his train.

Action by Thomas F. Connaughton, an infant, by his guardian, against the Brooklyn & Brighton Beach Railroad Company for personal injuries. A motion for a nonsuit was granted, and plaintiff's exceptions were ordered to be heard at general term in the first instance. Overruled.

Argued before VAN WYCK and OSBORNE, JJ.

Chas. J. Patterson, for plaintiff.

Geo. I. Murphy, for defendant.

VAN WYCK, J. The trial court granted a motion for nonsuit, and directed the exceptions taken thereto to be heard in the first instance at the general term. The defendant controls a regular steam railroad running from Atlantic avenue, Brooklyn, to Coney Island, with regular stations for taking on and letting off passengers. It appears that on August 8, 1892, the plaintiff, a boy of 15 years, was asked by Engineer Van Brunt, who was standing by his engine, to get him 20 cents worth of paint; that he went to a neighboring store for the same, and on returning with it he found Van Brunt and his engine gone; that plaintiff then went to the flag house between two stations, and waited there about an hour, explaining to Marshall, the switchman, his errand for the paint. Presently, another train, having started for Coney Island, came along at about three miles an hour, the engineer of which saluted this switchman by a single wave of the hand, a common thing in this and all railroad yards. This switchman, having in mind the story of plaintiff and his paint can, suggested to him that perhaps this was the engineer who sent him for the paint, and "imagined" that this engineer was looking out for plaintiff, and so told him, when plaintiff ran and jumped on the step of the next to the last car of this moving train. As he did so, he says he felt a violent jar, which caused him to lose his balance and fall off, injuring him most seriously. It is likely he did feel it, for such jars are incident to the moving of a

steam train, and were especially so here, because the train was turning from the incoming track across to the outgoing track at this juncture. We think the evidence falls far short of establishing the claim that this engineer invited the plaintiff to get on his train, or that the accident was due to the negligence of defendant. It is manifest that this young man's sad misfortune is directly chargeable to his own indiscretion in voluntarily assuming the chances of the dangers attending the boarding of a moving train, a hazard which perhaps he would not have taken except for the unwise advice implied in the expression of this switchman's thought that this engineer was looking out for the boy. This thought, it is clear, was the result of the switchman's imagination, awakened by the association of the story of the paint can and the usual salute, by a wave of the hand, of the passing engineer, to the yard employés of his company. The conduct of the switchman in this respect cannot render the defendant liable. This case does not come within the rule of a line of authorities illustrated by Rounds v. Railroad Co., 64 N. Y. 129, in which a company has been held liable for negligently exercising its right of removing one who is not a passenger, but rather within the rule declared in Hunter v. Railroad Co., 126 N. Y. 18, 26 N. E. 958. The exceptions must be overruled, and judgment ordered for defendant, with costs.